IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEIGH BODDEN                                      :

                          Plaintiff              :

            v.                                   :     Civil Action No. RWT 11-2323

2201 COLLINS FEE LLC, et al.                     :

                          Defendants             :

## MEMORANDUM OPINION

On August 22, 2011, Plaintiff, Leigh Bodden, filed a complaint against Defendants,

2201 Collins Fee LLC and Starwood Hotels & Resorts Worldwide Inc. alleging breach of

contract, intentional misrepresentation, fraud, and unjust enrichment arising from an agreement

to purchase unit 627 in a Miami Beach, Florida, luxury condominium unit.  *See* ECF No. 1.  It

does not appear that either Defendant was ever served with process, but on November 21, 2011,

the Defendant 2201 Collins Fee LLC filed a Motion to Dismiss for lack of both subject matter

and personal jurisdiction, to which a response was due on or before December 8, 2011.  When no

response was filed to the motion, the Court addressed and granted the motion, concluding that it

did not have diversity of citizenship jurisdiction because of the Maryland citizenship of both the

Plaintiff and one of the Defendants and that it did not have personal jurisdiction over

2201 Collins Fee LLC.  *See* ECF No. 9.  The Court concluded that these were matters that would

have been obvious "even to the most newly-minted attorney."  *Id*. at p. 4.  Accordingly, the

Court directed that the Plaintiff and his attorney should be directed to show cause why sanctions

should not be imposed upon them and scheduled a hearing for February 9, 2012.[1]  *Id*.  Prior to

---
[1] The date of the hearing was later changed to March 14, 2012.

the hearing, a response to the show cause order was filed, ECF No. 15, and the Court permitted it to be filed under seal because certain confidential information was contained therein.

Attached to the response to the show cause order was an affidavit of Tim P. Harris, Esquire, and a copy of that affidavit is attached to this Memorandum Opinion and will no longer remain under seal.  That affidavit is illuminating and helps to explain the number of the serious lapses that have occurred in the proceeding before this Court.  In his affidavit, Mr. Harris describes himself as a "member of the Bar of the State of Virginia."[2]  Aff., ¶ 1.  Mr. Harris goes on to state that he "was personal legal counsel for Plaintiff Lee Bodden concerning the issues raised in this lawsuit dating back to before this lawsuit was ever filed."  Aff., ¶ 2.  He states that counsel of record for Mr. Bodden was "not involved in this matter and did not have any relationship with Mr. Bodden at any time before this lawsuit was drafted."  He also states that counsel of record for Mr. Bodden never had any involvement with him, "other than at my request, when I asked her to help with local counsel assistance in this suit."

With respect to the involvement of the Plaintiff in this case, Mr. Harris states in paragraph 5 of his affidavit that Mr. Bodden was "not responsible in any way for the decision to file this case in Maryland.  Mr. Bodden was not aware of any possible problem with jurisdiction in Maryland before the lawsuit was filed.  The drafting of a Complaint that alleged two Maryland citizens on both sides of the case was a problem with legal research, writing and/or editing inside my law office that did not involve Mr. Bodden at all."  He goes on to state that "[w]hen the decision was made to file suit here in Maryland, I did not know" counsel of record for Mr. Bodden.  "After making the decision to file this case I asked a friend from law school if he

---

[2] According to the records of the Virginia Bar available at the time of the hearing, Mr. Harris was suspended from the practice of law in Virginia administratively in October of 2011 for non-payment of over $800.00 in dues and other charges.

knew someone admitted before this Court and he gave me" the name of counsel of record for the Plaintiff.  Aff., ¶ 6.  With respect to the drafting of the Complaint, he indicates that it "was primarily drafted by a former associate of mine who is no longer employed by me or in my office.  Nonetheless, as her supervisor I had personal and ultimate responsibility for the Complaint."

At the March 14, 2012 hearing, Mr. Harris testified and confirmed the information contained in his affidavit.  He also went on to describe his overall approach to this case:

> "The general thinking behind this whole case was to settle it out. We are prepared to go forward and litigate it, but my goal has been to get Leigh's money back as quickly as possible.  So, this is a case that's been in the works for several months before we decided to file suit, and we had an initial impression that we may have to file it in Florida while we were still maintaining settlement discussions with the W and 2201 Collins Fee.  So, that's pretty much all that I would add."  Hearing Tr. at pp. 11-12.

The Plaintiff, Leigh Bodden, also appeared at the hearing and under oath testified that he didn't have any idea that the suit was being filed and said that his mother "kind of handles everything for me." Hearing Tr. at p. 9.  He stated that he "wanted to get my money back from the W Hotel" and his mother contacted Mr. Harris, but he never spoke directly with Mr. Harris.

From a review of the submissions of the parties and the testimony before the Court on March 14, 2012, the Court concludes that counsel of record for the Plaintiff should not be sanctioned.  Unfortunately, she said "yes" to a request that should have been refused and allowed her name to be used for the filing of a complaint prepared by someone else.  The Court is satisfied that under these circumstances, while her acceptance of responsibility for filing the case was an unfortunate one, it is more reflective of her lack of experience and no additional measures should be taken.  The Court is satisfied that she has learned from the experience and that it will not be repeated.

The same, however, cannot be said for Mr. Harris.  Without any direct communication with the client, he took responsibility for the preparation of a complaint, which, in turn, was prepared by a subordinate who has since departed his firm, that he apparently did not read, and which was deficiently prepared, and took advantage of a young lawyer with whom he was not familiar and convinced her to file the case for him in this Court.  The actions of Mr. Harris are reminiscent of those of the attorneys disciplined by the Court of Appeals of Maryland in *Attorney Grievance Commission v. Kimmel*, 405 Md. 647, 955 A.2d 269 (2008), and should not be tolerated.  If Mr. Harris were a member of the Bar of this Court, he would be referred to its Disciplinary and Admissions Committee for appropriate discipline.  He is, however, not a member of the Bar of this Court, as a result of which this Court will forward to the Virginia Bar a copy of relevant portions of the record of this case for consideration of possible disciplinary action for violations of the Rules of Professional Conduct.

Finally, the Court is satisfied from the testimony of the Plaintiff, Mr. Bodden, that he had little, if anything, to do with the filing of the Complaint in this case.  He had a problem concerning the purchase of a condominium in Florida, and he asked that his mother handle the matter in consultation with his lawyer.  Unfortunately, there was never any direct communication with him by Mr. Harris or any other lawyer, and a woefully inadequate Complaint was filed in this Court.  It is unfortunate that Mr. Bodden did not take direct responsibility for the resolution of his legal problems relating to the purchase of the condominium, but under the circumstances, it would not be appropriate to impose any sanction of Mr. Bodden.

Accordingly, by separate Order, this Court will direct copies of the pertinent portions of the record in this case be forwarded to the Virginia Bar for such action, if any, as it may deem appropriate under the circumstances.  A separate Order follows.


Date:  March 29, 2012                    _____/s/_____
                                         Roger W. Titus
                                         United States District Judge